Raymond **TYLICKI**, Plaintiff–Appellant,

v.

Stephen **ST. ONGE**, Maurice **Hickey**, Todd **Robeck**, **Clinton Community College**, Defendants–Appellees.

No. 07–0728–cv.

United States Court of Appeals, Second Circuit.

Oct. 28, 2008.

Raymond Tylicki, Buffalo, NY, pro se.

Gregg T. Johnson, Esq., Girvin & Ferlazzo, P.C., Albany, NY, for Defendants–Appellees.

Present DENNIS JACOBS, Chief Judge, RICHARD C. WESLEY, Circuit Judge, RICHARD J. ARCARA, District Judge.[1]

**SUMMARY ORDER**

Raymond Tylicki appeals an order of the United States District Court for the Northern District of New York (Sharpe, J.) dismissing his complaint for failure to state a claim. Tylicki was suspended from the Clinton Community College ("CCC") following a number of violent outbursts, which he blames on mental impairment. He filed suit, pro se, seeking relief under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"), and the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* Tylicki also alleged defamation, criminal conspiracy, and a violation of his constitutional rights. The district court dismissed Tylicki's complaint, ruling that he had failed to state a claim under the ADA, the IDEA, or the Rehabilitation Act; that he had no cause of action for criminal conspiracy; and that the facts pled did not support his defamation and constitutional claims. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Tylicki argues that the district court erred by reading his complaint to assert an IDEA claim rather than a claim under the ADA and the Rehabilitation Act. Claims under Title II of the ADA and section 504 of the Rehabilitation Act are treated identically. *Henrietta D. v. Bloomberg,* 331 F.3d 261, 272 (2d Cir. 2003). To establish a prima facie violation of the ADA and the Rehabilitation Act, a plaintiff must demonstrate (1) that he is a qualified individual with a disability; (2) that the defendants are subject to the ADA or the Rehabilitation Act; and (3) that he was denied the opportunity to par-

ticipate in or benefit from the defendants' services, programs, or activities, or was otherwise discriminated against by the defendants because of his disabilities. *Powell v. National Bd. of Medical Examiners,* 364 F.3d 79, 85 (2d Cir.2004). Discrimination includes the failure to make a reasonable accommodation. *Henrietta D.,* 331 F.3d at 273. An individual is considered disabled in this context if he has a physical or mental impairment that substantially limits one or more major life activities. *See* 42 U.S.C. § 12102(2); 29 U.S.C. § 705(20)(B).

■ Tylicki's complaint contains no allegations describing how his supposed mental condition substantially limits a major life activity. *See Weixel v. Bd. of Educ.,* 287 F.3d 138, 147 (2d Cir.2002) (plaintiff must identify the life activity he claims is impaired). But even if Tylicki had adequately pled a disability, he has failed to allege that he was denied access to CCC's programs, for though he was suspended from the school, he had originally been admitted and had attended classes, and his complaint does not allege that he attempted to re-enroll but was denied admission due to his disability. Furthermore, Tylicki's requested accommodation—a manifestation hearing as contemplated by the IDEA—is not reasonable, given that the IDEA does not apply to Tylicki and neither the ADA nor the Rehabilitation Act require such a procedure. In other words, the ADA and the Rehabilitation Act permit CCC to discipline a student even if the student's misconduct is the result of disability. *Cf. Sista v. CDC Ixis North America, Inc.,* 445 F.3d 161, 172 (2d Cir. 2006) (ADA does not "require that employers countenance dangerous misconduct, even if that misconduct is the result of a disability"). It follows that postponement of the disciplinary hearing to enable Tyl-

icki to gather evidence of his alleged disability is not a reasonable accommodation, since CCC was entitled to suspend Tylicki even if his conduct was a manifestation of his alleged disability.

In his opening brief, Tylicki failed to raise the other claims contained in his complaint, and those claims are therefore deemed waived. *LoSacco v. City of Middletown,* 71 F.3d 88, 92 (2d Cir.1995). In addition, and for good cause, Tylicki's motion to amend his reply brief is granted and his motion to strike the unpublished opinions cited in appellees' brief is denied.

Accordingly, we hereby **AFFIRM** the judgment of the district court.